## SUPREME COURT.

MORRIS PHELAN agt. WILLIAM DOUGLASS and others.

The legal mode of computing *time* is, that whenever the whole day, and *every moment* of it, can be counted, then it should be; whenever, if counted, the party would, in fact, have but a *fractional part of it*, then it should not be counted.

For instance, the day of the *date* of a note—the day of the *service* of a pleading, &c., should be *excluded* in the computation of time, because they are *fractional*—the party bound to perform, should have the whole number of *full and entire days* given him for that purpose.

But, in cases similar in principle to the present, where the infancy of the plaintiff expired on the 12th Dec., 1841, and he was authorized to bring his suit on the 13th Dec., 1841, and the statute allowed him ten years after the termination of his infancy (2 *R. S.* 295, § 16) within which to sue, and he commenced his suit on the 13th Dec., 1851, *held*, that he was one day too late, because, in computing that ten years, the 13th day of December, 1841, must be taken in, as he had the *whole and entire part of that day* to sue in; and computing that as the first day, the ten years expired on, and at the expiration of, the 12th Dec., 1851.

*New-York Special Term, July,* 1855.

THIS was an action brought by the plaintiff under the statute (2 *R. S.* 295, § 16) to redeem, as heir at law, certain lands, to which the defendants held title through a mortgage foreclosure and sale, made July 2, 1823. The plaintiff's father was the mortgagor, and previous to the sale owned the premises in fee. The plaintiff was not made a party defendant to the bill of foreclosure. The remaining facts will sufficiently appear in the opinion of the court.

THOMAS, *for plaintiff.*
STRONG, *for defendants.*

COWLES, Justice. The plaintiff was born on the 14th Dec., 1820. By well-settled rules he was competent to bring suit, as being of full age, on the 13th of Dec., 1841. (1 *Salk.* 44;

VOL. XI. 13

6 *Mod.* 557; 4 *Dana R.* 557; 1 *Black. Com.* 463; 2 *Kent's Com.* 233; 1 *Pow. on Dev.* 128–9; *M'Pherson on Inf.* 447.)

The mortgage in question was given on the 15th June, 1821, and became due on the 15th June, 1822. The mortgagor (plaintiff's father) died Oct. 13, 1822.

The decree for the foreclosure of the mortgage and sale of the premises was made the 7th June, 1823, and the sale took place, under which the mortgagee (Douglass) purchased, on the 2d July, 1823.

As Douglass was neither in possession of the premises nor claimed a right to the possession of them under his mortgage, until the decree of sale and his purchase under it, the right of action to redeem must be regarded as commencing from that date, so far as to fix a date from which the statute of limitations would begin to run. From the date of the purchase, and not before, Douglass claimed an exclusive right to the possession of the premises by title, adverse and hostile to the claim of redemption now set up. But at that date the plaintiff was an infant, and, by 2 *R. S.* 295, § 16, was allowed ten years after the termination of his infancy within which to sue. As he was capable of suing on the 13th of Dec., 1841, that section of the Revised Statutes extended his time to sue until the year 1851. He brought this suit on the 13th day of December, 1851, and the first question presented is, whether he was in time, or was barred by the statute of limitations.

The plaintiff claims that the suit was properly brought on the 13th, while the defendant claims that the right of action expired with the expiration of the 12th day of December, 1851.

It has become a well-established rule in this state, that whenever an act is to be done in a certain number of days, months, or years, from the happening of any event, or the doing of any act, that, in the computation of time, the day on which the event happened, or the act was done, is to be excluded. Thus, a note due thirty days after date is payable on the 30th day, excluding from the count the day on which the note was dated. In *ex parte Dean*, (2 *Cow.* 605,) the facts showed a judgment docketed on the 12th Sept. The statute was, that the bond,

on appeal, might be given " at the time of rendering judgment, *or within four days thereafter.*" Held, that a bond' given on the 16th was in time.

In *Homer* agt. *Liswell*, (6 *Cow.* 660,) an execution was issued 7th March. The statute required it to be returned by the officer " in thirty days from the date." Held, that he had *the whole of the 6th April* in which to make return.

In *Cornell* agt. *Moulton*, (3 *Denio*, 12,)`note was dated 14th day of the month, and suit brought on the 14th day of the corresponding month six years thereafter. Held, in time; and the day of the date was to be excluded in the computation.

In *Snyder* agt. *Warren*, (2 *Cow.* 520,) land was sold on execution on the 15th August, 1822. On the 15th Nov., 1823, a judgment creditor offered to redeem. Held, to be within fifteen months after the sale, and so in time.

Such, too, has been the well-settled rule under our statutes in respect to time of pleading, putting in appearance, complying with orders of the court, and all other cases where any act is required to be done in a certain number of days after the service of a former pleading, notice or order; the day of the service is excluded in the computation of time. (*See also Commercial Bank of Oswego* agt. *Ives*, 2 *Hill*, 355.)

The reason of this rule is very obvious:—the law takes no notice of fractions of a day, except in certain cases where the hour itself becomes material—as the precise time when two judgments were docketed. Time is not, therefore, computed from the hour of the day on which the event happened, to the corresponding hour of the day of performance; but the computation is *from* the day when the act was done, such day being regarded as a *point of time.* The computation begins with the *expiration* of such day. It is thus computed literally *from* such day, that is, from its *close*, its ending, its expiration.

It will be observed that the day so excluded in all these cases has been partially spent—it is, in part, actually gone when the event happens—and for that reason is also excluded, since, if counted, it would fail to give the party to be affected the

Phelan agt. Douglass and others.

*whole of that day*, but only a fractional part of it, and yet c
it as a whole day.

The law will not take notice of fractions of a day, and
fraction is excluded. But the reason of the rule ceases w
ever the party affected has a whole and entire day, as o
those to be included in the computation.

This principle is recognized by Mr. Justice NELSON in
*People* agt. *The Sheriff of Broome.* In that case the pre
were sold on the 18th day of July, 1835. On the 19th c
tober, 1836, a judgment creditor claimed to redeem. The
was held to expire on the 18th day of July, 1836, and the
ute required the judgment creditor to redeem "within
months *after the expiration* of such year." Mr. Chief J
NELSON says, "If we count the *nineteenth* day of July,
as we should do, the *three months*, commencing the *beg*
of that day, will expire on the *eighteenth* day of Octob
lowing. Here there can be no fraction of the *nineteen*
of July to be disregarded, as the whole of it necessarily
within the three months by the statute, commencing on t
*piration* of the year, which is the *last moment of the eig*
*day of July.*"

The rule laid down in the last case is entirely consiste
that laid down in the other cases above cited. Indeed, i
only one which can be consistent, and make the rule u
in its operation. Whenever the whole day, and *every* t
of it, can be counted, then it should be; whenever, if c
the party would, in fact, have but a *fractional part of*
it should not be counted.

By counting it in the first class of cases, the party
full and entire number of days, months, or years, inte
be given. In the other he gets the fractional parts of
less than his full time.

The law governing the case (2 *R. S.* 295, § 12,)
that, "If any person entitled to commence any action
article specified,"—(and this is one of them,)—"shal
the time, &c., within the age of twenty-one years,"—(
here,)—"the time during which such disability shall c

ll not be deemed any portion of the time limited for the mmencement of such suit;" but such person may bring such ion "after the said time so limited, and within ten years er such disability removed, but not after that period." Here, as we have seen, the party could have sued on the 13th of December, 1841. His disability to sue ended with the iration, with the last moment of the 12th day of December, 1. With the last moment of that day his disability was oved, and he could sue during the whole of the 13th, and h moment of that day. He had ten whole years after such isability removed" to bring his suit. We must, in computing t ten years, take in the 13th day of December, 1841, be- se he had the whole and entire part of that day to sue in,— a fractional part, but each and every moment of it,—com- ing that as the first day of the ten years, and that period ex- d with the expiration of the 12th day of December, 1851. did not sue until the 13th of that month, and then his whole years had expired, and the statute barred his claim. s this view of the case is conclusive, it is unnecessary that hould examine the other questions raised by the defendants. The plaintiff has brought his suit one day too late, and the mplaint must be dismissed, with costs.