## REYNOLDS v. PALEN.

*N. Y. Supreme Court, Monroe Special Term; August,*
*1887.*

1, *Service of pleading when last day falls on Saturday.*] Where the last day for service of a pleading falls on Saturday, a half-holiday after twelve o'clock noon, a party has the following Monday in which to serve his pleading.*

2. *Motion to open default in pleading.*] A motion to open a default in service of an answer will be denied, where a copy of the proposed answer was not served with the motion papers.

Motion by defendants to set aside judgment entered by default on the ground of irregularity, "in that the time to serve the complaint expired without the same having been served, or an order or stipulation made extending the time to serve the complaint," and if said motion be denied, then for an order opening the default on terms.

The action was commenced by personal service of the summons on April 27, 1887. Notice of retainer and

---

* The contrary was held by the New York City Court, at special term (McADAM, Ch. J.), in Fries v. Coar, 19 *Abb. N. C.* 267. And see next case, p. 14 of this vol.

demand for copy of the complaint was served by mail on May 2, 1887, and received by plaintiffs' attorney on the following day.

On June 12, 1887, plaintiffs' attorney procured an order extending the time to serve the complaint ten days and mailed the same to defendant's attorneys, which order was immediately returned with a notice indorsed thereon, refusing to accept the same for the reason that the time in which to serve the complaint had expired when said order was obtained.

On June 20, 1887, the complaint was served on defendant's attorneys by mail, and on August 5, 1887 (more than forty days thereafter), said complaint not having been returned, and no answer or order extending the time to answer having been received, the plaintiffs' attorney entered judgment by default for want of an answer, whereupon this motion was made.

*Calkins & Forsyth*, for the defendants and the motion.

*H. B. Hallock*, for the plaintiff, opposed.

RUMSEY, J.—The fortieth day after service by mail of the notice of retainer was Saturday, June 11, 1887.

That day, from 12 A. M. to 12 M., was a secular day; after that time, it was a half-holiday.* The plaintiff had,

---

* L. 1887, c. 289, amending L. 1875, c. 27, by providing (§ 1) that, among other days named, "every Saturday from twelve o'clock at noon until twelve o'clock at midnight, which is hereby designated a half-holiday . . . shall, for all purposes whatever as regards the presenting for payment or acceptance, and of the protesting and giving notice of the dishonor of bills of exchange, bank checks and promissory notes, made after the passage of this act, be treated and considered as the first day of the week commonly called Sunday, and as public holidays or half-holidays. . . . And provided, further, that in construing this section, every Saturday, unless a whole holiday as aforesaid, shall, until twelve o'clock noon, be deemed a secular or business day. And the days and half days aforesaid shall be considered as the first day of the week, commonly called Sunday, and as public holidays or half-holidays,

however, the whole of the Saturday to serve his complaint. The last part of it being a holiday, he was not required to act during that part of it. Did this fact entitle him to exclude it in his computation? I am inclined to think it did, within the rule laid down in Phelan *v.* Douglass,* (11 *How. Pr.* 193). This being so, service of the order extending the time on the 13th was sufficient, and the plaintiff was not irregular in his practice.

The motion, so far as it is based upon an irregularity, should be denied.

The papers are not sufficient to open the default as a matter of favor, because a copy of the proposed answer is not served with the motion papers (Powers *v.* Trenor, 3 *Hun,* 3; Nelson *v.* McCormick, 3 *Monthly L. Bull.*).

It must be denied for that reason, but with leave to renew (Gulliver *v.* Newark Fire Ins. Co., 3 *Monthly L. Bull.* 52).

Motion to set aside judgment denied, with $10 costs, without prejudice to a motion by defendants to open default, and allow them to defend on proper papers.

---

for all purposes whatsoever as regards the transaction of business in the public offices of this State or counties of this State. On all other days, or half days, excepting Sundays, such offices shall be kept open for the transaction of business."

Code Civ. Pro. § 788, provides that, in computing time within which an act is to be done, including service of pleadings, "if the last day is Sunday or a public holiday, it must be excluded."

* The rule laid down in this case for computing time, is that whenever the whole day, and *every moment* of it, can be counted, then it should be; whenever, if counted, the party would, in fact, have but a *fractional part of it,* then it should not be counted. The day of the *service* of a pleading should be excluded in the computation of time, because it is fractional— the party should have the whole number of full and entire days given him for that purpose. Phelan *v.* Douglass, 11 *How. Pr.* 193.

As to computation of time, see 1 *Abbott's New Practice,* p. 83.