OCUMPAUGH *v.* NORTON.

GALLAGHER *v.* HIEN.

HOLIDAYS; SATURDAY HALF-HOLIDAYS; COMPUTATION OF TIME; APPELLATE PRACTICE.

1. The amendment of § 1389, D. C. Code, relating to the time at which negotiable instruments should be payable, and which, as originally enacted, provided that certain days named should be holidays in the District of Columbia, including every Saturday after 12 o'clock noon, "within the meaning of this section," by the act of Congress of June 30th, 1892, which substituted for the quoted words, the words, "for all purposes," would seem to broaden the scope of this provision so as to make it apply, not only to negotiable instruments, but to all official duties, and to justify the cessation of all official work in the District of Columbia on Saturday afternoons.

2. Notwithstanding the general rule that the law will take no note of fractions of days, where a statute expressly declares that certain days named, and "every Saturday after 12 o'clock noon," shall be holidays, thus specifically taking note of such fractions, such Saturday half-holidays will be taken note of in computing time, and two such Saturday half-holidays will be deemed to be one full day. (Constru-

ing § 1389, D. C. Code, as amended by the act of Congress of June 30, 1892.)

3. Under the rule of this court requiring appeals from decisions of the Commissioner of Patents to be taken within forty days, and § 1389, D. C. Code, providing that every Saturday afternoon shall be a holiday in the District of Columbia for all purposes, in computing the time to ascertain whether an appeal has been properly taken seven intervening Saturdays will be deemed three and a half days.

Nos. 252 and 282.    Patent Appeals.    Submitted November 9, 1904.    Decided December 7, 1904.

HEARING on motions by the appellees in two appeals from the Commissioner of Patents in interference cases, to dismiss the appeals on the ground that they were not taken within the time prescribed by the rules of this court.            *Denied.*

The facts are sufficiently stated in the opinion.

*Mr. Melville Church* and *Mr. Frederick F. Church* for the motion in No. 252.

*Mr. John R. Bennett* and *Mr. B. R. Catlin* opposed.

*Mr. J. Snowden Bell* and *Messrs. Chamberlin & Wilkinson* for the motion in No. 282.

*Mr. Melville Church* and *Mr. Frederick F. Church* opposed.

Mr. Justice MORRIS delivered the opinion of the Court:

In these two cases motions have been made on behalf of the appellees, William B. Norton and Philip Hien, to dismiss the appeals, on the ground, as is alleged, that they have not been taken within the time prescribed by the rules of the court, which require that appeals from the decisions of the Commissioner of Patents to this court should be taken within forty days from the date of the ruling or order appealed from, exclusive of Sundays and legal holidays, and not afterwards. It appears

that in the first-mentioned case the Commissioner's decision was rendered and bore date on January 5, 1904; and that the appeal was perfected by the filing of the petition and reasons of appeal on February 23, 1904. Seven Sundays and one legal holiday, the 22d of February, intervened, which being deducted left 41 days from the rendition of the decision to the taking of the appeal. In the second case the decision was rendered and filed on July 14, 1904; and notice of the appeal was not given until August 31, 1904. This, excluding seven Sundays intervening, and there being no legal holiday, made also 41 days between the decision and the appeal. Evidently, therefore, the appeals were too late in both cases, unless we take into the account the Saturday half-holiday prescribed by the Code of the District of Columbia.

Section 1389 of the Code, which is contained in chapter 46 on negotiable instruments, and which is intended to determine the time at which negotiable instruments are payable, includes a sentence apparently intended to be of more general application than would seem to be warranted by the context in which it is found. It is a provision that certain enumerated days, namely, New Year's Day, Washington's Birthday, the Fourth of July, Decoration Day, Labor's Holiday, Christmas Day, Thanksgiving Day, Inauguration Day, and "every Saturday after 12 o'clock noon," "shall be holidays in the District for all purposes." Originally, in the Code as it went into effect on January 1 or 2 of 1902, the last clause read, "shall be holidays in the District *within the meaning of this section,"* which would restrict its operation to the matter of the presentation of negotiable paper for payment or acceptance. The substitution of the words, *for all purposes,* in the amendatory act of June 30, 1902, has been gradually understood and accepted as broadening the scope of this provision so as to make it apply to all official duty and to justify the cessation of all official work. It seems to be accepted on both sides of these cases as constituting the afternoon of Saturday as a *dies non juridicus.*

So assuming it to be, we are urged on the one side, inasmuch as it is an old rule that the law takes no note of fractions of a

day, to regard the whole of Saturday as a legal holiday for all judicial purposes; and, on the other side, for the same precise reason, to regard Saturday as no holiday, since there is enough of it left in which to transact all necessary and proper secular business.   The question is a somewhat novel one, and almost necessarily so, since the establishment of the Saturday half-holiday is a comparatively recent institution.   Only two judicial authorities on the point are cited to us; and these are from nisi prius courts in the State of New York.   They are *Phelan* v. *Douglass,* 11 How. Pr. 193, and *Reynolds* v. *Palen,* 20 Abb. N. C. 11, in both of which it was held that the party was entitled to a whole day for the act to be done, and that Saturday being a half-holiday should be excluded from the computation.   It may be that, under the circumstances of these cases, the decisions were correct; but, under the reasoning of the cases, it seems to us that the decisions might as well have been the other way.

We think that in cases like the present the rule is no longer applicable that the law will take no note of fractions of days. The statute law here does specifically and in express words take note of such fractions.   It expressly divides the Saturday into two parts, one for business purposes, and the other for a holiday; and we see no reason why we should not give effect both to the letter and the spirit of that law by taking note of half-holidays in our computations.   Possibly under some circumstances this may lead to some inconvenience; but the inconvenience need not be without remedy, and it should not prevent us from giving effect to the letter of the law, when at the same time, as we believe, the spirit of it will also be subserved.

In both of these cases there were seven Saturdays intervening.   Each Saturday was a half-holiday.   The seven Saturdays gave three full days and one half of a day for business, and the same time for holiday.   If we deduct three days and a half from each of the periods, there will remain only thirty-seven days and one half; and the appellants will be found to have been within the time limited for appeal.

We are of opinion that the motions to dismiss should be *denied.*