152 So. 748

**STATE ex rel. RUSSELL (LA SALLE PARISH SCHOOL BOARD, Intervener) v. RICHARDSON.**

No. 32608.

Jan. 2, 1934.

Rehearing Denied Jan. 29, 1934.

Cas Moss, of Winnfield, J. M. Shevnin, of Alexandria, and Cas D. Moss, of Winnfield, for appellant.

A. D. Flowers, of Jena, for appellee.

Harry Fuller, Dist. Atty., of Winnfield, for intervener.

ROGERS, Justice.

This is an appeal by the defendant, E. E. Richardson, from a judgment in favor of the plaintiff, J. D. Russell, Jr., and the intervener, La Salle Parish School Board, ordering defendant to forthwith vacate the office of superintendent of schools for La Salle parish and to deliver to plaintiff, who is decreed to be legally entitled thereto, the said office and the books and records thereof.

Defendant complains of the overruling by the trial judge of his exception to the citation. The exception is based on the failure of plaintiff to annex to his petition certified copies of the minutes and resolutions of the school board, plaintiff's oath of office and bond, and other documents made part thereof, and to cause certified copies of the documents to be served on defendant.

We do not find it necessary to enter upon any lengthy discussion of defendant's plea. Even if the trial judge erred in overruling the exception, we would not feel justified at this late date in reversing the judgment and remanding the case, unless the error was prejudicial.

Not every error will furnish sufficient ground for annulling a judgment and ordering a retrial. There must be prejudice to the appellant, and the prejudice must be such as cannot be remedied on the appeal. New Orleans Terminal Co. v. Teller, 113 La. 733, 37 So. 624, 2 Ann. Cas. 127.

Defendant does not show how he was injured by the overruling of his exception. He does not charge that the copies of the documents annexed to the petition are incorrect, nor that he was not fully advised of their contents. As a matter of fact, defendant, as secretary of the school board, was in possession of the original documents and was familiar with what they contained. Defendant was fully apprised of plaintiff's cause of action, and we are satisfied that the case as presented by the record is precisely the same as it would be if plaintiff had been required to have certified and served the documents annexed to his petition.

In addition to excepting to the citation, defendant filed an exception of lis pendens. Both these exceptions were over-

ruled on July 24, 1933. Defendant's answers to the petitions of the plaintiff and the intervener were filed on July 27, 1933. On the same day, counsel for plaintiff moved to have the case fixed for trial for July 29, 1933. Counsel for defendant objected, for the reasons that it was necessary to take the testimony of Dr. J. M. Brown, of Monroe, La., and for the further reason that J. M. Shevnin, Esq., associate counsel, had filed written notice on the clerk of court that he be given ten days' notice of the fixing of the case for trial. Counsel for plaintiff agreed to waive the required notice for taking the testimony of Dr. Brown, and announced that he was ready to take the testimony on July 28, and he insisted on the case being fixed for July 29, calling the attention of the trial judge to the fact that Mr. Shevnin was present in court on July 24, when the exceptions to the citation and lis pendens were heard and disposed of, at which time an effort was made by plaintiff to have the case fixed for trial for July 28. Whereupon the trial judge announced the proceeding was summary in character, requiring its speedy disposal, and that Judge Cas Moss, the leading counsel, was present in court, and he overruled the objection and fixed the case for trial on July 29, 1933.

When the case was called for trial on July 29, counsel for defendant filed a motion for a continuance on the ground of an absent witness. The motion was overruled. Counsel for defendant also objected to going to trial, because it was then Saturday afternoon, which was a legal half holiday. This objection was also overruled. The case was then taken up and partially tried, the court ad-

journing until Monday, July 31, 1933, for the completion of the trial. The court resumed the trial on July 31, and, after plaintiff rested, counsel for defendant filed a motion to dismiss the suit. This motion, after hearing, was overruled. Counsel for defendant also filed an exception of no cause of action, which exception was also heard and overruled. Defendant then offered his evidence, and the case was closed and submitted. Judgment was rendered in favor of the plaintiff and the intervener as prayed for, and defendant was granted an appeal therefrom to this court.

Defendant has abandoned all the grounds set forth in his motion for a continuance, except that J. M. Shevnin, Esq., who lives in Alexandria, La., was not given ten days' written notice by mail of the date fixed for the trial in compliance with article 463 of the Code of Practice, as amended by Act No. 53 of 1928. The trial judge held that the codal article as amended had no application to cases summary in their nature, which are required by law to be tried by special preference and without delay.

Suits to prevent the usurpation, intrusion into and unlawful holding of office are required to be tried and disposed of in a summary manner. Code Prac. art. 871; Rev. St. § 2595. As stated in the section of the Revised Statutes, such cases must "be tried by preference over all other cases, without being fixed for trial after issue joined." Hence there appears to be considerable merit in the view taken by the trial judge that article 463 of the Code of Practice, as amended, is inapplicable to a case of this nature. But, be that as it may, defendant was in no

way prejudiced by the ruling. Plaintiff's suit was filed on July 8, 1933, and service was made on defendant the same day. Defendant's original and leading counsel, Judge Moss, was fully advised of the proceeding from the beginning, and we think Mr. Shevnin from the time of his employment was fully cognizant of the situation. He was present in court on July 24, 1933, and was made fully aware at that time of plaintiff's desire and effort to have a speedy trial of the case. Compliance with Mr. Shevnin's request for ten days' written notice would have delayed the trial beyond the two-months' vacation period, beginning August 1, 1933, which in all probability was the reason for the request.

■ Defendant's objection that the trial of the case was held in the vacation period is not supported by proof. In the absence of such proof, we must presume the court was not in vacation and that the case was tried during the regular session.

■ We find no merit in defendant's complaint that the trial of the case was unlawfully begun on a legal half holiday. When the case, pursuant to the previous assignment, was called for trial on Saturday morning, July 29, 1933, defendant moved for a continuance, which motion was denied. Defendant then objected to going to trial on the ground the court was in vacation. Considerable time appears to have been consumed by defendant's counsel in arguing the motion and objection. The arguments on behalf of defendant were prolonged apparently until after the noon hour had been reached, when defendant, through his counsel, made the objection that, it being Saturday afternoon, the trial of the case could not be legally proceeded with.

Under the circumstances, we think the trial of this case must be held to have begun before the Saturday half holiday had intervened. The parties by their pleadings had come to an issue, the case had been regularly assigned for trial, plaintiff had announced himself as ready for trial, and defendant could not by his dilatory tactics, in delaying the actual taking of the testimony until after the noon hour on Saturday, defeat plaintiff's right to have the issue between them summarily determined by the court. The fact the case was partially tried on a legal half holiday in nowise deprived defendant of any substantial defense he had to offer to plaintiff's suit.

On the merits, the record shows that regular meetings of the school board of La Salle parish are held on the first Monday of January, April, July, and October in each year. At the regular meeting of the school board held in January, 1929, the defendant, E. E. Richardson, was elected parish superintendent of schools for the four-year term beginning July 1, 1929. In July, 1932, approximately a year before the expiration of his term, defendant was re-elected as parish superintendent for a term of four years, beginning July 1, 1933.

At the regular meeting held on January 3, 1933, the school board rescinded defendant's re-election, and elected plaintiff, J. D. Russell, Jr., as the parish superintendent of schools.

Defendant having announced that he would refuse to relinquish his office to plaintiff, the

parish school board met on June 26, 1933, and, after due notice to defendant, removed him therefrom for cause.

On July 3, 1933, the school board met in regular session and recognized plaintiff, J. D. Russell, Jr., as parish superintendent for the term beginning July 1, 1933, approved plaintiff's bond as school treasurer, and requested that, as a part of his duties, he act as secretary of the board.

Defendant refused to vacate the office, and he also announced he would continue to perform the usual duties as secretary. Whereupon the school board adopted a resolution authorizing the district attorney, as its legal adviser, to institute ouster proceedings against defendant and to intervene in any suit that plaintiff might file to obtain possession of his office.

It appears that, a police jury census having shown that Ward 3 of La Salle parish contained more than 5,000 inhabitants, the Governor appointed an extra police juror and an additional school board member for the ward. When the federal census of 1930 was taken, it developed that the ward had less than 5,000 inhabitants, and therefore was not entitled to the additional representation on the police jury and on the school board. Notwithstanding this fact, the additional school board member continued to serve until the one member to which the ward was entitled had qualified following the election held in November, 1932. The school board, at the time of defendant's re-election in July, 1932, was composed of nine members. On January 3, 1933, at the time defendant's re-election was annulled and plaintiff was elected, the school board was composed of eight

members, only five of whom were members of the board in July, 1932.

Defendant contends that his election as parish superintendent in July, 1932, was valid and entitles him to hold the office for the four-year term beginning July 1, 1933. That the action of the school board on January 3, 1933, in rescinding his election, as well as the action of the board on June 26, 1933, in trying and removing him from office, were invalid and without any legal effect.

On the other hand, plaintiff contends that defendant's election in July, 1932, was premature and contrary to law, and that the action of the school board in rescinding such election and in electing plaintiff as parish superintendent was regular and legal, and entitles him to hold the office for the term of four years beginning July 1, 1933.

The trial judge found that the school board had proceeded regularly and had acted within its legal rights. He also found that the election of defendant as parish superintendent in July, 1932, was premature and unlawful; and he held as valid the action of the school board in January, 1933, in electing plaintiff, after rescinding the invalid election of defendant.

We find it unnecessary to determine whether the meeting of the school board on June 26, 1933, was properly called, and whether the action of the board in trying and removing defendant from his office was legal. This is so because, in our opinion, defendant's election as parish superintendent was premature and was subject to the right of the board, if timely exercised, to revoke it.

■■ Act No. 100 of 1922 provides for the administration and supervision of the public schools of the state. Section 19 of the statute · provides that each parish school board shall elect or appoint a parish superintendent, but no time is fixed for such election or appointment. However, we are satisfied it was the legislative intent that a parish school superintendent should be elected or appointed at some reasonable time before the beginning of his term of office.

Here the board which assumed in July, 1932, to elect defendant as parish superintendent was not the same either in number or in personnel as the board which in January, 1933, elected plaintiff as parish superintendent and was in office on July 1, 1933, when the new term began.

While it may be true that a school board is a continuous body because of the overlapping terms of its various ward members, that fact does not authorize the board to elect or appoint a parish superintendent so far in advance of his term, as was done in this case. If this were permitted, the board could elect or appoint a parish superintendent at any time the majority of its members saw fit to do so, and thereby perpetuate a favored person in the office. We think the better practice would be, and one more in consonance with the purpose of the law, to impose the duty of timely electing or appointing a parish superintendent upon the school board as constituted just prior to the beginning of the new term.

After plaintiff and intervener had rested their case, and before defendant had introduced any evidence on his behalf, defendant filed a motion to dismiss the suit on the ground that only a moot question was presented, and an exception of no cause or right of action based on the face of the petitions and on the contention that under the evidence plaintiff and intervener had failed to make out a prima facie case. The motion and the exception are untenable, and they were correctly overruled by the trial judge.

■ The final contention of defendant is that plaintiff is not entitled to the office of parish superintendent because he has not qualified by giving proper and legal bond. However, the character· of plaintiff's bond is no concern of defendant. That is a matter which lies wholly within the province of the school board.

For the reasons assigned, the judgment appealed from is affirmed, at the appellant's cost.

· O'NIELL, C. J., and OVERTON, J., dissent on the ground that Act No. 6 of 1904 declares that it is only when the taking of evidence on the trial of a case (or the impaneling of the jury in a jury case) has been begun, and is not concluded, at the time when a legal holiday or half holiday intervenes, that it shall be lawful for the presiding judge to order the trial to be proceeded with on the holiday or half holiday; and it is conceded that the taking of evidence in this case was not begun before the half holiday intervened.