## CAMPBELL v. UNITED STATES.
### No. 717.

Municipal Court of Appeals for the
District of Columbia.

March 18, 1949.

James J. Laughlin, of Washington, D.C.,
for appellant.

Richard M. Roberts, Asst. U. S. Atty., of
Washington, D. C. (George Morris Fay,
U. S. Atty., and Andrew J. Howard and
John D. Lane, Asst. U. S. Attys., all of
Washington, D. C., on the brief), for
appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant was convicted of petit larceny[1] based upon a charge that he stole a bottle of perfume from the Hecht Department Store during the Christmas holidays, 1946. He brings this appeal.

■ The principal evidence against appellant was that of a woman store detective employed by The Hecht Company, who testified that she saw appellant take a bottle of perfume from a counter in the store, put it in his pocket, and then walk hurriedly toward one of the store exits. According to this witness, she followed appellant until he had gone through a revolving door to the street, whereupon he was arrested by herself and two police officers after he had tried to destroy the bottle of perfume and had tried to escape. Other evidence was largely cumulative, but it is entirely clear that if the testimony of the prosecution witnesses was accepted as true by the jury, as it obviously was, the guilt of appellant was established beyond a reasonable doubt.

Appellant assigns some 20 errors. We have considered all of them but find it necessary to discuss only those mentioned below:

■ 1. Appellant complains of the trial court's refusal to grant a further continuance when the case was reached on March 16, 1948. The case had previously been continued for more than a year, several times at the request of appellant, because of other court engagements of appellant's counsel, and for other reasons. The only reasons advanced for a continuance on this occasion were the absence of an associate counsel and the alleged illness of appellant. After the trial court had said a doctor's certificate would be required before the case could be continued on account of appellant's illness, he was produced in court and the trial continued without further objection. The question of granting the continuance was within the judicial discretion of the trial court, and there has been no showing of abuse of that discretion.

■ 2. The second error assigned is that the trial judge "improperly commented on the evidence." The government's testimony had been unequivocal that appellant had stolen the bottle of perfume from a particular perfume counter between 1 p. m. and 2 p. m. on December 23, 1946. At the trial he said he had bought and paid for the bottle of perfume and had been given a receipt which was produced in evidence. This receipt was dated December 22, with no year given. (December 22, 1946, was a Sunday.) In instructing the jury the judge outlined the issues and said among other things that it was a question of fact for the jury to determine whether the cash register receipt had been obtained by the appellant before, at the time of, or after his appearance at the store on December 23 between 1 p. m. and 2 p. m. Appellant claims that the trial judge violated the rule laid down in Meadows v. United States, 65 App.D.C. 275, 82 F.2d 881, that to single out and declare the effect of certain facts without consideration of other modifying facts constitutes prejudicial error. But here the trial judge did not violate the rule but confined himself to telling the jury what the issues were and giving the usual instructions with respect to burden of proof, etc. We find no error in the instructions.

■ 3. Several other errors assigned have to do with the receipt produced at the trial by appellant. This receipt had on it a letter identifying the saleswoman who had issued it. Shown this receipt, one of the government's witnesses testified it carried the identification mark of another employee who at the time of the trial was in New York. Based upon this testimony appellant sought to obtain an instruction that the jury could infer from the absence of this witness that her testimony would be unfavorable to the government. The judge refused the instruction, and we believe rightly so. It was clear that the government before the trial knew nothing of the receipt in question or of the witness. Under such circumstances for the trial court to have told the jury that the failure to produce the witness should be construed against the government would make a mockery of a rule which is entirely proper

---

[1] Code 1940, § 22—2202.

under appropriate circumstances. Other assignments of error centering around this receipt are equally without merit.

4. Appellant also complains that the trial court refused to provide an official stenographer at the government's expense to report the argument on his motion for a new trial. There was no stenographer at the trial itself and none was requested, and no question has been raised as to the accuracy of the detailed statement of proceedings and evidence at the trial certified to us by the trial judge.

After the trial judge refused to order a stenographer to report the proceedings on the motion for a new trial, appellant requested this court to force the judge, by writ of mandamus, to do so; we refused such a writ because we deemed it a matter within the discretion of the trial judge.

We have had occasion previously to comment on the refusal of a trial judge to provide an official court reporter for the trial of a case without first making inquiry regarding the nature of the case, the necessity or advisability of having an official transcript, and the availability of an official court reporter.[2] The situation is different, we believe, with respect to a hearing on a motion for a new trial, where testimony is almost never taken, where the judge is already familiar with the case and where the proceedings ordinarily consist only of legal arguments which it is usually unnecessary to report. We find no abuse of discretion in the refusal of the trial court to order an official reporter under such circumstances.

5. Appellant also complains in effect that since the trial judge overruled the motion for a new trial after twelve noon on a Saturday, such action was void. By Code 1940, § 28—616, it is provided that various days including "every Saturday, after twelve o'clock noon * * * shall be holidays in the District (of Columbia) for all purposes." It has generally been held that, in the absence of a statute containing a mandatory provision forbidding the judges of courts to hear and determine matters on a legal holiday, a judicial proceeding upon such day is not void.[3] It is also the rule that even if judicial proceedings on a holiday are irregular, such irregularity may be expressly waived or tacitly waived by failure to object thereto.[4] Furthermore, proceedings in connection with the motion for a new trial were begun well before noon on Saturday. There followed various steps by appellant's counsel designed to force the trial judge to postpone the hearing to another day. Under such circumstances it was clearly not error for the trial judge at noon to continue the hearing until 1:30 p. m.[5] No objection on the ground that it was a holiday was made. It has been the practice for many years in the criminal division of the Municipal Court (formerly the Police Court) to complete on Saturday afternoons matters begun on Saturday mornings and to hold trials on other holidays, such as Christmas, New Year's, Fourth of July, etc. If such were not the practice prisoners arrested the previous night often would be imprisoned unnecessarily over the holiday. Finally on this point, no complaint about the disposal of the motion for a new trial on Saturday afternoon was made to the trial court. It is fundamental that in general questions will not be considered which are raised for the first time on appeal.[6]

6 and 7. Appellant makes general assignments of error regarding the conduct of the trial by the trial judge and complains

---

[2] Premier Poultry Co. v. Wm. Bornstein & Son, D.C.Mun.App., 61 A.2d 632.

[3] 10 L.R.A.,N.S., 791, note and cases cited; Norman v. State, 109 Ohio St. 213, 142 N.E. 234, certiorari denied 264 U. S. 595, 44 S.Ct. 453, 68 L.Ed. 867; Bowser v. Tobin, 215 Ind. 99, 18 N.E.2d 773; Smith v. Robertson, 155 Kan. 706, 128 P.2d 260; Freimann v. Gallmeier, 116 Ind.App. 170, 63 N.E.2d 150. There is obiter dictum in Ocumpaugh v. Norton, 24 App.D.C. 296, 68 L.R.A. 272 to the effect that the code provision constitutes the afternoon of Saturday dies non juridicus, but this does not alter the rule stated.

[4] State v. Superior Court, 49 Wash. 1, 94 P. 665, 17 L.R.A.,N.S., 257; Ex parte Murphy, 79 Cal.App. 64, 248 P. 1044; People v. Browning, 132 Cal.App. 136, 22 P.2d 784; Miller v. Emerson, Mont., 186 P.2d 220; see Note 19 L.R.A. 316.

[5] State v. Richardson, 178 La. 1029, 152 So. 748.

[6] James v. Greenberg, D.C.Mun.App., 55 A.2d 727, and cases there cited.

194

particularly that the trial judge treated him discourteously. Under the circumstances, we deem it sufficient to say that these assignments of error are not substantiated by the record.

Affirmed.