McMASTERS<br>v.<br>MATHER.

*Judgment affirmed.*

---

## WARNOCK v. CITY OF LAFAYETTE.

4 419<br>113 427

The power of removing certain municipal officers for negligence or malfeasance, and of declaring their offices vacant and ordering a new election, conferred upon the City Council of Lafayette by sec. 11 of the stat. of 29 April, 1846, to be exercised "by a vote of two thirds of that body," must be construed as meaning two thirds of that body as legally constituted by the presence of a quorum, and not two thirds of the whole number of members composing the council.

APPEAL from the District Court of Jefferson, *Clarke*, J. *Elliott* and *Marks*, for the appellant. *Brewer*, for the defendant. The judgment of the court was pronounced by

EUSTIS, C. J. The petition alleges that the plaintiff was duly elected, on the 3d of May, 1847, harbor master for the city of Lafayette, for the term of one year, and that he discharged the duties of the office until the 29th of November, 1847, when he was suspended from office by the mayor and city council of said city ; and that, on the 15th day of December, his said office was declared vacant; that, at a new election ordered by said mayor and city council, *D. Adams* was elected to said office, and has performed the duties since the 30th of December, 1847.

The petition charges that the proceedings of the city council were without any of the formalities of law, and in violation of the acts of the legislature under which the said mayor and council held their authority; that his suspension and removal from office were entirely unwarranted, the vote by which he was removed from office having been by a less number of members than that required by law for the removal of officers of the corporation ; that there never was a proper notification made of the charges against the plaintiff, nor an opportunity to defend himself afforded to him ; that he had always faithfully and honestly discharged the duties of his office, and accounted to the proper officers for the money received by him by virtue of his office aforesaid. The object of this suit is to recover from the defendants, who are the mayor, aldermen, and inhabitants of the city of Lafayette, the fees and emoluments of the office accruing during the year for which he was elected.

The defence is that, the plaintiff was suspended from office, and the office declared vacant, by the city council of Lafayette, in consequence of the plaintiff's malefeasance in office, he having been a defaulter and applied the monies received by him to his own use. The district judge gave judgment in favor of the defendants, and the plaintiff has appealed.

By the act of the 29th of April, 1846, entitled an act to reincorporate the city of Lafayette, the harbor master and certain other officers of the corporation are to be elected annually by the qualified voters of said city. By the 11th section of said act, the city council is empowered to decide upon the election and qualification of their own members, and of the officers elected under the act; and,

WARNOCK
v.
LAFAYETTE.

in case of gross negligence or malfeasance in office of any officer thus elected, on charges preferred and satisfactorily established, the said city council has the right, by a vote of two thirds of their own body, to declare such office vacant, and to order a new election.

We are satisfied, from the evidence, that the city council, in suspending the plaintiff, and removing him from office by declaring the office vacant, were not only justified in so doing, but could not have acted otherwise, consistently with their duties to their constituency, and that their proceedings on the charges made were legal and proper. The only objection among those made by the plaintiff to the validity of their proceedings, which we think it material to notice, is that which relates to the number of votes by which the vacancy of the office was declared.

The council is composed of ten members. At the session in question nine members only were present. The votes on the resolution by which the office was declared vacant were, six in favor of, and three against it; thus, two thirds of those present voting to create the vacancy, but not two thirds of the whole number of members constituting the council. By the 11th section, before quoted, the vote required to create a vacancy is two thirds of their own body, which, it is insisted, means two thirds of all the members composing that body. In aid of this construction the counsel for the plaintiff refers to the debates of the late convention which formed the constitution, p. 675. We should infer from those debates that, the terms "*their own body*" did not refer necessarily to the whole number of members elected. The debate was upon the removal of the judges by address of three fourths *of each house of the general assembly*. The terms are not the same, and the argument is merely one of analogy. We should rather incline to the opinion that the vote required to remove was, two thirds of the body as legally constituted by the presence of a quorum. We observe the terms used on similar occasions, in our constitution and our legislation are much more definite, requiring a proportion of the members elected, or of the members present, as the case may be. If the meaning of the terms be doubtful, the french text removes every doubt as to the purpose and intention of the legislature. *Breedlove* v. *Turner*, 9 Martin, 353. The corresponding words in french are : "*Le conseil aura le droit*," &c.; and the 16th section of the act provides that the mayor, or, in his absence or inability to act, the president, and a majority of the members elect of said council, shall form a quorum to do business. The vote of the six members was, therefore, sufficient to create the vacancy.

*Judgment affirmed.*