193 So. 706

STATE ex rel. HOURGUETTES v. CITY OF GRETNA et al.

No. 35484.

Jan. 9, 1940.

Rehearing Denied Feb. 5, 1940.

L. H. Gosserand, of New Orleans, for appellant Leon O. Hourguettes.

John E. Fleury and Andrew H. Thalheim, both of Gretna, for appellees.

LAND, Justice.

Relator applied for a writ of mandamus against E. J. Strehle, Mayor of the City of Gretna, to compel the Mayor to issue to him a permit to operate a dance hall in the City of Gretna, alleging that he had illegally refused a permit, and relator also asked for an injunction against the Mayor of the City of Gretna, the Marshal of the City of Gretna, and the Sheriff of Jefferson Parish, averring that defendants, in their official capacities, had wrongfully prevented relator from operating a dance hall in the City of Gretna.

An alternative writ of mandamus was issued, as well as a restraining order, coupled with a rule to show cause. On the trial of the case, exceptions of no cause of action and of no right of action were filed, accompanied by answers of all respondents, in which it is alleged that relator was actively violating the provisions of Ordinances Nos. 88, 515, 593 and 631 of the City of Gretna, certified copies of which were attached and made part of the answers.

A petition of intervention of eleven (11) owners of homes in the neighborhood of the dance hall was filed, reciting various alleged acts of disorderly conduct, and declaring that the operation of the dance hall was a general nuisance, and praying that the temporary restraining order granted herein be set aside, that a preliminary injunction be denied, and that relator's suit be dismissed at his cost.

The case was not tried upon the merits, nor was the intervention put at issue by answer filed to same by relator. But the trial judge maintained the exceptions of no cause of action and of no right of action, recalled and dismissed the restraining order issued herein, denied relator's petition for mandamus and injunction, and rejected relator's demands at his cost. From this judgment relator has prosecuted a devolutive appeal to this court.

During the argument of the exceptions of no cause of action and of no right of action, counsel for the City of Gretna, the

Mayor, and the Marshal, offered the ordinances of the City, which had been filed with their answer, being Ordinances Nos. 88, 515, 593 and 631. Counsel for relator objected to any evidence being introduced in support of an exception of no cause of action, and the objection was maintained by the court. Tr., p. 53.

It is alleged in the petition of relator that, during the year, 1931, he erected on certain lots owned by him in the City of Gretna, under permit from the governing authorities of that City, a building which was used by him as a dance hall or amusement pavilion, known as "Sidney's Amusement Park," and that the building was erected for the purpose of conducting the business, which has been operating regularly and continuously since that time.

That during three years, for each day that the business was operated as a dance hall, he applied for and was granted a permit by the governing authorities of the City of Gretna under one of its ordinances, and latterly under Ordinance No. 593, adopted April 14, 1933.

That this ordinance required relator, with his application, to deposit $6 with the City of Gretna for the employment of two police officers, selected and paid by the City out of said deposit made for a permit, and that these various permits were issued to relator regularly until June 3rd and June 4th, 1939, when they were refused without cause, although relator had complied with all the requisites and demands made upon him by the said ordinances of the City of Gretna.

That no law has been or was being violated within the premises occupied by him and within which his business was operated, and that no charge was made against anyone in said premises for violation of any City Ordinance or any law of the State; and yet on Saturday, June 3, 1939, there appeared a deputy sheriff by the name of Lesnack who, without warrant, ordered relator to dismiss his patrons and customers and to close up his place of business, without any reason being offered for this unwarranted interference with his rights.

That on the 4th day of June, 1939, at about the hour of 10:30 P. M., there appeared at relator's place of business a police officer of the City of Gretna, by the name of Eppie Brou, and a deputy sheriff by the name of Arthur Sartis, both ordering relator to discontinue his business; that Arthur Sartis, in a wild effort to close down the music box, jerked the electric cord, pulled out and dismantled the socket to which it was attached, causing damage to his property, and ordered relator to put out the lights in the hall within which several hundred people had gathered, all without warrant and without pretense that there had been any violation of law on his part or on the part of any of his patrons, and thereafter arrested him and carted him away to the Parish Prison; and that, subsequently, Arthur Sartis brought him back to his place of business and compelled him to dismiss all of his patrons and guests, despite the fact that no charge had been made against him for any violation of law, nor was there any pretense that he or his employees had violated any of the ordi-

nances of the City of Gretna or the laws of the State of Louisiana.

Relator avers that all of these acts, on the part of the governing authorities of the City of Gretna and the deputy sheriffs of the Parish of Jefferson, constituted a deliberate, malicious and unreasonable attempt to annoy and persecute him in his effort to conduct peacefully and profitably a business that has been sanctioned by law and has been countenanced heretofore on every hand without question by the executive officers of the City of Gretna and the Parish of Jefferson, and which is recognized as legal and legitimate by the laws of the State of Louisiana and is licensed by the State, (referring to the liquor license obtained from the State by relator on January 25, 1939, for the period ending December 31, 1939, and which was issued under Act No. 15 of the Legislature of the year, 1934).

Relator avers that the refusal of the Mayor of the City of Gretna, and the clerks in charge of the issuance of permits for the City of Gretna, to issue permits to him, and the interference by the police and deputy sheriffs with the operation of his business and their continued annoyance is high-handed, illegal, unwarranted and unreasonable and is not sanctioned by any legal, valid or constitutional ordinance of the City of Gretna, or by any statute of the State of Louisiana.

Relator avers that the said Ordinance No. 593 of the City of Gretna, under which the said police authorities pretended to act, is illegal, null and void in that it undertakes to vest, or is interpreted as vesting, in a public officer the authority to discriminate in favor of or against persons engaged in a legitimate business or occupation or enjoying a common right by granting or withholding a license or permit or approval, arbitrarily or according to the officers' or Board of Aldermen's favoritism or whim, and such an ordinance is violative of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States, U.S.C.A.

Relator further avers that the ordinances referred to, governing the issuance of permits for dance halls, are null and void, illegal and unconstitutional in the following respects:

(1) That the said ordinances are violative of the provisions of Act No. 136 of 1898 of the General Assembly of the State of Louisiana under which the City of Gretna is incorporated.

(2) That it is violative of Section 15, Article 4 of the Constitution of the State and of Section 1, Article 14 of the amendments to the Constitution of the United States.

Relator further avers that the unreasonable, unwarranted and illegal acts of the Mayor of the City of Gretna, in refusing him a permit, and the acts of the Mayor and Board of Aldermen and Marshal of the City of Gretna and of the Sheriff of the Parish of Jefferson and his duly qualified deputies, in their concerted efforts to hamper and hinder him in his business, constitute an unwarranted and illegal design to deprive him of his rights and of his property without due process of law in.

contravention of the laws and Constitution of the State of Louisiana, and of the Federal Constitution, more particularly Section 15 of Article 4 of the State Constitution and Section 1, Article 14 of the amendments to the United States Constitution.

Relator further avers that his business is conducted in an orderly, respectable and businesslike manner; that no law is being violated either by himself, his attendants or his patrons; and that, within the premises where his business is conducted, no undue disturbances or noises occur unless it be those that are a necessary concomitant to the exuberance of youth or coincidental to the strains of dance music and to the art of Terpsichore.

Relator further avers that he is without adequate remedy at law and that he will suffer irreparable injury unless a writ of injunction issue in order to protect him in his rights and in his property, and that he is entitled also to a writ of mandamus, compelling the City of Gretna to issue permits to him in accordance with law, in order to protect and enforce his rights in this matter.

According to relator's own allegations, various permits were issued to him regularly under Ordinance No. 593, adopted by the City of Gretna April 14, 1933, until June 3rd and June 4th, 1939, "when they were refused without cause." Petition, paragraphs V and VI.

It is clear, therefore, that relator was operating his dance hall, without permit, on June 3rd and June 4th, 1939, when he complains of the intrusion into his place of business and the misconduct of the police and deputy sheriffs.

Relator attacks the constitutionality of Ordinance No. 593 of the City of Gretna, on the grounds already stated in this opinion. A copy of this ordinance was not attached to and made part of relator's petition in this case. Nor is the ordinance copied in his petition. Nor would relator permit this ordinance, nor a single one of the ordinances of the City of Gretna, offered by respondents, to be filed in evidence, on his objection, which was maintained by the court, that no evidence is admissible on the trial of an exception of no cause of action, the well-pleaded facts stated in the petition being taken as true, for the purpose of disposing of the exception.

As neither Ordinance No. 593 of the City of Gretna, nor any other ordinance of that City relative to the issuance of permits for a dance hall, is in evidence before this court, and as this court cannot take judicial cognizance of municipal ordinances, it is not possible for the court to determine that any one of the ordinances of the City of Gretna is unconstitutional on the grounds assigned by relator in his petition filed in this case. The general allegations in relator's petition as to the unconstitutionality of the ordinances of the City of Gretna, relative to the issuance of permits for a dance hall, are therefore mere conclusions of law and not well-pleaded facts, which may be taken as true, in disposing of the exception of no cause of action tendered by respondents in this case.

Besides, if Ordinance No. 593 of the City of Gretna, under which relator has been issued permits to operate his dance hall, and under which relator alleges that he was refused permits for June 3rd and June 4th, 1939, "without cause," is unconstitutional, as asserted by relator, then the Mayor of the City of Gretna cannot be mandamused to issue a permit under it, and if the Mayor should do so, such permit would be of no legal effect whatsoever, as protection to the business and the property rights of relator.

If Ordinance No. 593 of the City of Gretna is unconstitutional, as contended by relator, it cannot be constitutional as to the demand of relator in this case for the issuance to him of a permit to operate his dance hall and, at the same time, be unconstitutional as to the Mayor of the City of Gretna, as to his refusal to grant to relator the permit applied for by him.

If this ordinance is unconstitutional, it is null and void and of no effect, both as to the Mayor of the City of Gretna and as to relator, equally and in all respects.

Relator in this case is not attacking as discriminatory an ordinance, under which a permit has been granted to a third person by the Mayor of the City of Gretna, and a similar permit has been refused to relator, but relator is attacking as discriminatory an ordinance under which relator himself is demanding that a permit should be issued to him, and that the Mayor of the City of Gretna should be mandamused to grant to relator the permit applied for by him.

For the reasons assigned, the judgment appealed from by relator is affirmed, at the cost of relator in the Supreme Court and in the District Court.