91 So.2d 24

Emile M. DOLL

v.

The FLINTKOTE CO. et al.

No. 42461.

May 7, 1956.

On Rehearing Nov. 5, 1956.

Frank P. Krieger, New Orleans, for appellant.

Henry B. Curtis, City Atty., Luther E. Hall, Jr., Joseph H. Hurndon, Asst. City Attys., Monroe & Lemann and Walter J. Suthon, Jr., New Orleans, for appellees.

HAMITER, Justice.

Emile M. Doll, the owner of certain property fronting on Poland Avenue in the City of New Orleans, brought this

suit against The Flintkote Co. and the named municipality to obtain a declaratory judgment decreeing to be null and void an exchange of property made by and between the defendants, as well as Municipal Ordinance No. 18,706 C.C.S. which purported to authorize the exchange. (In the transaction the city conveyed to the company that stretch of Poland Avenue running alongside a square of ground adjacent to the one in which plaintiff's property is located.)

In the petition plaintiff avers that the act of exchange is invalid because the authorizing ordinance was null, it not having been legally adopted. His attack on the ordinance is based on an alleged noncompliance with Section 8 of the Charter of the City of New Orleans, Act 159 of 1912 as amended by Act 378 of 1948, which provides:

"The Commission Council shall also have power:

"Public Streets

"(1) To order the ditching, filling, opening, widening, and paving of the public streets, and to regulate the grade thereof, and, *by a two-thirds vote to sell or change the destination of any street,* * * *." (Italics ours.)

Plaintiff contends that the two-thirds vote referred to in the quoted provisions means two-thirds of the *elected* members of the council (or two-thirds of eight which would be six), not two-thirds of a quorum as contended by the defendants; and that since only five members voted to authorize the exchange the requirements of Section 8 were not met.

The district court maintained an exception of no cause of action filed by defendants and its ruling was affirmed by the Court of Appeal of the Orleans Circuit, 79 So.2d 575, those courts having been of the opinion that the pertinent provision of Section 8 means two-thirds of a quorum (with a minimum of five). We granted the writ of certiorari to review the decision of the Court of Appeal.

Pretermitting the question of the correctness of the reasons assigned by the district court and the Court of Appeal for maintaining the exception of no cause of action and dismissing the suit we are compelled to affirm their decrees on another ground.

Our examination of the record before us discloses that the ordinance attacked was not made a part of the petition or attached thereto, nor was it introduced in any manner in the proceedings in the district court. It is a well settled principle of law that we cannot take judicial cognizance of municipal ordinances.

In State ex rel. Hourguettes v. City of Gretna, 194 La. 460, 193 So. 706, 709,

which presented a similar situation (plaintiff's petition asserting the invalidity of a municipal ordinance had been dismissed on an exception of no cause of action and the ordinance attacked had not been made a part of the record), we said in affirming the district court's judgment: "As neither Ordinance No. 593 of the City of Gretna, nor any other ordinance of that City relative to the issuance of permits for a dance hall, is in evidence before this court, and as this court cannot take judicial cognizance of municipal ordinances, it is not possible for the court to determine that any one of the ordinances of the City of Gretna is unconstitutional on the grounds assigned by relator in his petition filed in this case. The general allegations in relator's petition as to the unconstitutionality of the ordinances of the City of Gretna, relative to the issuance of permits for a dance hall, are therefore mere conclusions of law and not well-pleaded facts, which may be taken as true, in disposing of the exception of no cause of action tendered by respondents in this case." See also State ex rel. Cotonio v. Judge of Criminal District Court, Parish of Orleans, Section B, 105 La. 758, 30 So. 105; City of New Orleans v. Mangiarisina, 139 La. 605, 71 So. 886; City of New Orleans v. Calamari, 150 La. 737, 91 So. 172, 22 A.L.R. 106; and Valenti v. Oster Bros. Carriage & Wagon Manufacturing Company, 154 La. 991, 98 So. 553.

For the reasons assigned the judgments of the district court and Court of Appeal are affirmed. Plaintiff shall pay all costs.

On Rehearing.

HAWTHORNE, Justice.

The facts as disclosed by the allegations of plaintiff's petition have been set out fully by the Court of Appeal (see 79 So.2d 575) and by this court on original hearing, and no useful purpose would be served by reiterating them here. It suffices to say that plaintiff has instituted a suit under the Declaratory Judgments Act seeking to have decreed null and void both an exchange of property made between the defendants, Flintkote Company and the City of New Orleans, and also Municipal Ordinance No. 18076 C.C.S., which purported to authorize the exchange.

In the district court this suit was dismissed on exception of no cause of action, and the Court of Appeal affirmed this judgment. On review we affirmed the judgment, but not for the same reasons as those given both by the district court and by the Court of Appeal. We affirmed this judgment on the ground that the ordinance attacked was not made a part of the petition or attached to it or introduced in the proceedings in the district court, and that under these facts this court could not take judicial cognizance of the ordinance. We recognize the well established

principle of law that this court cannot take judicial cognizance of a municipal ordinance, but upon reconsideration we now conclude that this rule of law has no application to the instant case.

Furthermore, we do not think that the case of State ex rel. Hourguettes v. City of Gretna, 194 La. 460, 193 So. 706, relied on in our original opinion, is pertinent or controlling here. In that case relator alleged in his petition that certain ordinances of the City of Gretna were unconstitutional. This court affirmed a judgment of the district court dismissing relator's suit on exception of no cause of action. Copies of the ordinances were not attached to or made a part of the petition and were not introduced in evidence in the case, and on this phase of the case this court said:

"As neither Ordinance No. 593 of the City of Gretna, nor any other ordinance of that City * * *, is in evidence before this court, and as this court cannot take judicial cognizance of municipal ordinances, it is not possible for the court to determine that any one of the ordinances of the City of Gretna is unconstitutional on the grounds assigned by relator in his petition filed in this case. The general

1. The City of New Orleans is no longer governed by the provisions of Act 159 of 1912 as amended, but now operates under the provisions of a Home Rule

allegations in relator's petition as to the unconstitutionality of the ordinances of the City of Gretna * * * are therefore mere conclusions of law and not well-pleaded facts, which may be taken as true, in disposing of the exception of no cause of action tendered by respondents in this case."

In the present case we are considering an exception of no cause of action, and in the consideration of such an exception all the well pleaded facts of plaintiff's petition must be accepted as true. Plaintiff in his petition alleges that under the law (Act 159 of 1912 as amended, the charter under which the City of New Orleans was then operating[1]) a vote of two-thirds of the eight members of the Commission Council (or a vote of six) was required for the passage of the ordinance, but that only five of the members of the council voted in favor of the ordinance; that it therefore was not legally adopted and is consequently null and void.

In the instant case the pleadings affirmatively show that five members of the Commission Council, constituting a quorum, unanimously voted for the adoption of the ordinance. The question then presented under these well pleaded facts is whether the ordinance was legally adopted

Charter adopted under Section 22 of Article XIV of the Louisiana Constitution, as amended by Act 551 of 1950.

pursuant to the provisions of the then charter of the City of New Orleans, Act 159 of 1912 as amended by Act 378 of 1948, particularly Section 8(1), which provided:

"The Commission Council shall also have power:

"Public Streets

"(1) * * * by a two-thirds vote to sell or change the destination of any street, side-walk or other property which is no longer necessary for the public use to which it was originally destined * * *."

The district judge in sustaining the exception of no cause of action cited and relied on the case of Warnock v. City of Lafayette, 4 La.Ann. 419, and the Court of Appeal in affirming his judgment also cited that case as well as the case of State ex rel. Garland v. Guillory, 184 La. 329, 166 So. 94.[2] The cited cases are pertinent and controlling here.

In the Warnock case a provision of the act of incorporation of the City of Lafayette provided that the commission council, consisting of 10 members, had the authority to remove certain municipal officers "by a vote of two thirds of their own body". This court held that this provision meant two-thirds of the council as legally constituted by the presence of a quorum, and that a vote of six members was sufficient for removal of the plaintiff.

In the Guillory case the court was dealing with the provision of the Constitution that the Legislature may rearrange the judicial districts by a two-thirds vote of the membership of each house, and concluded that this provision did not mean a two-thirds vote of the members elected to each house, but that the phrase did mean by a vote of two-thirds of a quorum of each house. In the per curiam to this opinion this court intended to make clear the rationale of its holding—that is, by such a holding it did not mean that the act under attack could be passed by a favorable vote of less than a *majority* of the *elected* members of each house. This is true because Article 3, Section 24, of our Constitution provides: " * * * nor shall any bill become a law unless, on its final passage, the vote be taken by yeas and nays, the names of the members voting for or against the same to be entered in the journal, and a *majority* of the members *elected* to each house be recorded thereon as voting in its favor * * *." (Italics ours.)

In the course of that opinion the court pointed out that where the Constitution requires a vote of two-thirds of the members

---

2. Relator here does not contend that the holdings in the Warnock and Guillory cases are incorrect or that they should be overruled. He says that these cases support his contention. On the contrary, we find that they support the position taken by defendants-respondents.

*elected* to each house, the fundamental law has left the matter free of doubt by declaring in no uncertain terms that a vote of two-thirds of the members *elected* to each house is required.

 Those cases are therefore full authority for the proposition that the provisions of the old city charter of New Orleans providing for the sale of any street which was no longer necessary for public use by a two-thirds vote of the Commission Council meant two-thirds of a quorum, provided a majority of those appointed or elected to the Commission Council voted for the adoption of the ordinance.[3] In the instant case the ordinance was adopted by a unanimous vote of the five members present.

Moreover, the charter in existence at the time this ordinance was adopted likewise made it clear where a vote of a certain proportion of the elected membership was required by declaring so in no uncertain terms. For example, in Section 11 in the original enactment of the charter, it provided "the votes of a majority of the members elected to said Commission Council". This provision was carried forward into the amendment of this section by Act 338 of 1936. See also Section 9 as amended by Act 338 of 1936, by Act 301 of 1946, and by Act 234 of 1948.

3. Section 9 of the city charter as amended by Act 234 of 1948 provided that " * * * the affirmative vote of five members shall be necessary to adopt any

For the reasons assigned the judgments of the district court and the Court of Appeal are affirmed. Plaintiff is to pay all costs.

HAMITER, J., concurs in the decree, adhering to the reasons assigned on the original hearing.

motion, resolution or ordinance, or pass any measure, unless a greater number is provided for in this Act."