126 So.2d 1 (1960)
Fred MIX
v.
CITY OF NEW ORLEANS.
No. 21601.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 1960.
Rehearing Denied January 30, 1961.
*3 Posey R. Bowers, Asst. City Atty., and Gerald J. Gallinghouse, Sp. Counsel, New Orleans, for defendant and appellant.
Jorda S. Derbes, New Orleans, for plaintiff and appellee.
SAMUEL, Judge.
The plaintiff, Fred Mix, applied for a change in the zoning classification of his property in the City of New Orleans from "B-Two Family" to "E-Neighborhood Shopping". The matter was heard by the City Planning Commission under the pertinent provisions of the City Charter and that body's report to the City Council recommended that the application be denied. The matter came before the City Council on a motion that the unfavorable recommendation of the Commission be disapproved. The vote on the motion resulted in four yeas and two nays, with one member absent, and the same was reported in the Official Proceedings of the Council of the City of New Orleans, as follows:
"The motion failed to pass for the lack of five affirmative votes required to disapprove the recommendation of the City Planning Commission."
Section 5-508(2) of the Charter of the City of New Orleans provides that any such disapproval by the City Planning Commission may be overruled "by the affirmative vote of two-thirds of the members of the Council".
Plaintiff then filed a petition in the Civil District Court for a writ of mandamus against the director of the Department of Safety and Permits of the City of New Orleans in which he prayed that the defendant be ordered to issue to the petitioner a Use and Occupancy Certificate for the operation of a proposed business on the property. To this petition the defendant filed exceptions of no right or cause of action and prematurity and an answer. After a hearing on the exceptions and the merits the Court rendered judgment in favor of the defendant and against the plaintiff, dismissing the mandamus proceeding, for the reason that the defendant director was without authority to issue the permit, even if the motion was legally passed, in the absence of an amending zoning ordinance.
Without taking any further action in the mandamus suit, plaintiff then filed the present suit against the City of New Orleans, in which he prays only for a declaratory judgment holding that the aforesaid recommendation of the Commission was effectively overruled by the four to two vote of the Council. In this suit the City filed six exceptions: lis pendens; to the jurisdiction ratione materiae; no right or cause of action; res judicata; that plaintiff's action was not a proper case for declaratory relief; and prescription. Pending a hearing on these exceptions, and after the judgment had been signed in the mandamus suit, but before the time for taking a devolutive appeal had expired, plaintiff moved for and obtained an order dismissing the mandamus suit.
The trial court overruled and dismissed all of the exceptions and, on the merits, *4 rendered the declaratory judgment prayed for. The defendant has appealed.
While we are unaware of any procedure by which a plaintiff may discontinue or dismiss his suit after judgment (Code of Practice Art. 491), it is not necessary for us to decide whether or not the plaintiff's motion to dismiss was a sufficient acquiescence in the judgment to terminate his right to appeal, and thus make the judgment final, under Code of Practice Art. 567. It is sufficient to say that our findings in both the exceptions of lis pendens and res judicata would be the same whichever is properly pleaded.
Under Code of Practice Arts. 94 and 335 the exception of lis pendens is well founded only where there is another suit pending before the same or separate courts, which suit is between the same parties, for the same object, and growing out of the same cause of action.
Here we have two suits, one a summary action for a writ of mandamus to require an official of the City of New Orleans to perform an alleged ministerial duty, the other an ordinary proceeding for a declaratory judgment to determine the legal effect of a vote of the City Council. Clearly these suits are not "for the same object" and do not grow "out of the same cause of action". Two of the indispensable requirements for lis pendens being absent, it is unnecessary to discuss or decide whether or not the parties defendant are the same in both suits. The exception of lis pendens is not well founded and was properly overruled.
Exactly the same reasoning and conclusion apply to the exception of res judicata. Art. 2286 of the LSA-Civil Code provides as follows:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
As pointed out in connection with the exception of lis pendens, neither "the thing demanded" nor the cause of action is the same in both suits.
Under the Charter and the Comprehensive Zoning Ordinance of the City a change in zoning classification can be effected only by the passage of a proper ordinance by the Council. In the instant case such an ordinance cannot be passed, nor even considered, for a period of two years from the date of the above vote by the Council, unless the disapproval of the Planning Commission has been overruled by the Council. In connection with its exception to the effect that the plaintiff's action is not a proper cause for declaratory relief, the defendant argues that no such decree would terminate the uncertainty or controversy about which plaintiff complains, and that nothing more is presented than an abstract or academic proposition. For, the argument continues, the plaintiff cannot obtain his ultimate relief unless and until the Council passes the ordinance which he seeks and, since the Council is a legislative body, its members cannot be compelled to adopt any ordinance which would effectuate the declaratory judgment plaintiff has obtained in the trial court.
We do not agree with this contention. If the plaintiff is correct in his position that a motion overruling the disapproval of the Planning Commission has been adopted by the Council, he has been deprived of a right which that adoption has given him, for the thing which now prevents an ordinance from being introduced and acted upon by the Council, the absence of a proper overruling of the disapproval of the Commission, has been removed. Whether or not the ordinance will be introduced and, if introduced, whether or not the same will be passed, is of no importance here. Under *5 the present circumstances neither introduction nor passage can possibly be accomplished. A declaratory judgment in this suit will terminate the very real controversy and uncertainty about which the plaintiff complains. It is therefore our opinion that this is a proper action for declaratory relief under LSA-R.S. 13:4231-4246.
The exceptions of no right and no cause of action are actually a part of the exception of res judicata and are based chiefly on the proposition that a final judgment puts an end, not only to every plea or defense made, but also to every plea or defense which either of the parties might successfully have made, a rule of law set out in the cases of Norton v. Crescent City Ice Mfg. Co., 1933, 178 La. 150, 150 So. 859; and Olivier & Sons v. Board of Com'rs, 1935, 181 La. 802, 160 So. 419.
This principle of law has no application where res judicata itself is not applicable. We have found the latter to be the case here, and accordingly hold that the exceptions of no cause or right of action were properly overruled.
The exceptions to the jurisdiction ratione materiae and of prescription have not been urged before this Court in argument or brief and the same are therefore considered abandoned. See In re Cooper, 1952, 57 So.2d 775, at page 776; McGee et al. v. Finley et al., 1953, 65 So.2d 384, at page 385.
There is only one question to be decided on the merits. Did the Council overrule the disapproval of the Planning Commission by its four to two vote?
The City Council consists of seven members. Six of these members were present at the meeting during which the vote was taken and one was absent. Four voted for the motion and two voted against.
It is the contention of the defendant that Section 5-508(2) of the City Charter, which provides that this type of motion may be passed "by the affirmative vote of two-thirds of the members of the Council", means two-thirds of the seven members of the Council or five votes, so that this section actually means "two-thirds of all the members of the Council".
In the case of Warnock v. City of Lafayette, 1849, 4 La.Ann. 419, the Court held that a statute which gave authority to the City Council of Lafayette to remove certain municipal offices "by a vote of two-thirds of their own body" required only a vote of two-thirds of the body as legally constituted by the presence of a quorum and not two-thirds of the whole number of members elected to the Council.
In State ex rel. Garland v. Guillory, 1935-1936, 184 La. 329, 166 So. 94, the Court was required to determine whether Section 34 of Art. VII of the Louisiana Constitution of 1921, which provides for a two-thirds vote of "the membership of each house", necessitated a vote of two-thirds of the entire elected membership or of two-thirds of a quorum present and voting and held that the provision means two-thirds of a quorum of each house.
In the case of Doll v. Flintkote Co., 1956, 231 La. 241, 91 So.2d 24, 25, affirming La. App.1955, 79 So.2d 575, the Court had under consideration a statute (Act No. 378 of 1948) which gave the Commission Council of the City of New Orleans the power to pass a certain type of ordinance "by a two-thirds vote" and held that this provision meant a two-thirds vote of the members present and constituting a quorum, and not a two-thirds vote of all elected Council members.
In the instant case, in addition to the general law quoted above which, in the absence of valid considerations to the contrary, must be applied here, we are impressed by four other provisions found in the City Charter, to-wit (all italics ours):
Section 3-112(8) which provides "No proposed ordinance shall be adopted except *6 by the affirmative vote of a majority of all members of the Council".
Section 3-113(3) which provides that the Council may override the veto of an ordinance by the Mayor should the Council adopt the ordinance "by an affirmative vote of two-thirds of all its members".
Section 4-403(2) and (3), each of which provide that the Council may, in the first instance, employ separate counsel for itself and, in the second, authorize others to employ separate counsel "by two-thirds vote of its entire membership".
LSA-Civil Code Art. 17 is particularly applicable because all four of these provisions, together with the provision we are here considering, are to be found in the same instrument, the Charter of the City of New Orleans. That Civil Code Article provides:
"Laws in pari materia, or upon the same subject matter, must be construed with a reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another."
Regardless of any argument to the effect that, because the Planning Commission is composed of various experts in the field of zoning, it would be wiser, and may have been the intention of the Charter, to require a larger vote of the Council for the overruling of the action of the Commission than is required for the simple passage of an ordinance, this Court should not and cannot be concerned with which would be better procedure. The provisions of the Charter itself must decide the question. And we are of the opinion that if the Charter had meant to say two-thirds of all of the members of the Council or two-thirds of the entire membership of the Council, it would have said just that (as it did in the four instances quoted above) or it would have used words equivalent thereto. The Charter does not do this.
Therefore we are of the opinion that the requirement of an "affirmative vote of two-thirds of the members of the Council" means two-thirds of those members of the Council at a legally constituted meeting and not two-thirds of all the elected members of the Council. Four votes having been cast in favor of the motion, and this number being two-thirds of the six members present, the Council has taken the action required to overrule the disapproval of the Commission.
The judgment is affirmed.
Affirmed.