ON REHEARING
SARTAIN, Judge.
The granting of an application for a rehearing by the Department was to afford ' us an opportunity to reconsider our original decision and more particularly that portion which held that L.R.S. 48:442(1) requires a two-thirds vote of all the members of the Board of the Department of Highways or six votes. We reaffirm here our response to the first four contentions set forth in the primary opinion. However, and for reasons hereinafter stated, we now retract that portion of our original opinion dealing with Error No. 5 which dealt specifically with the “two-thirds” requirement.
Briefly stated we originally held that because of the stringent nature of an expropriation proceeding the applicable provisions of the statutes must be strictly construed and the expropriating authority held to strict adherence.
On reconsidering the matter we are now of the opinion that a strict interpretation of L.R.S. 48:442(1) does not require a favorable vote of six members but only requires a two-thirds vote of the members of a duly and properly called board meeting at which a quorum is present. We believe this decision to be in harmony with the established jurisprudence of this state with respect to interpretation of statutes, ordinances and constitutional provisions requiring a “two-thirds” vote for the sanction of a particular action.
Article 6, § 19.2(6) provides that a majority of the members of the Board constitutes a quorum. Excluding the presence of Mr. Candies five members of the Board were present at its meeting on May 15, 1968 when the contested resolution was adopted, thus constituting a quorum. Again, excluding the presence of Mr. Candies five members of the Board voted in favor of the resolution, thus satisfying the requirement of L.R.S. 48:442(1).
In Branton v. Parker, La.App., 233 So.2d 278 (writs refused June 26, 1970), we reviewed the jurisprudence of this state with respect to the “two-thirds” requirement of elected members of each house of the Legislature in providing for a salary increase for public officials. We concluded that the terminology “by vote of two-thirds of the members of each House of the Legislature” *549 meant “two-thirds of a quorum present, provided that the vote equals or exceeds a majority of the total of elected membership of each chamber”.
We also cited in our original decision the case of Liquefied Petroleum Gas Comm’n v. E. R. Kiper Gas Corp., 229 La. 640, 86 So.2d 518 which held that a constitutional commission of five members was legally constituted when only three members had been appointed because these three members represented a majority of the Board.
In the case of Mix v. City of New Orleans (1960), La.App., 126 So.2d 1, our brethren of the Fourth Circuit had under consideration a charter provision of the City Council of New Orleans which required “the affirmative vote of two-thirds of the members of the Council” to overrule a recommendation by the City Planning Commission. In Mix the court held that absent any language specifying “all members”, “two-thirds of all its members,” or “two-thirds vote of its entire membership” any provision requiring a two-thirds vote of a legislative body or administrative vote is generally considered as requiring a two-thirds vote of members present and constituting a quorum and not two-thirds of all members. Cited in Mix is Warnock v. City of Lafayette (1849), 4 La.Ann. 419 dealing with a statute authorizing the City Council of Lafayette to remove certain municipal offices “by a vote of two-thirds of their own body”.
In Doll v. Flintkote Company (1956), 231 La. 241, 91 So.2d 24, the Supreme Court of Louisiana affirmed a decision by the Court of Appeal, Orleans, which gave the Commission Council of the City of New Orleans the power to pass a certain type of ordinance by a two-thirds vote of the members present and constituting a quorum. The particular charter provision under consideration in Mix was distinguished from four other provisions of the charter which required as stated above, i. e., “all its members”, “all members”, and “its entire membership”.
Accordingly, for the above and foregoing reasons our original decision herein amending and remanding the judgment of the district court is rescinded and set aside and judgment is rendered herein making the writ previously issued peremptory and reversing the decision of the district court which dismissed plaintiff’s suit. It is further ordered that this matter be remanded for a trial on the merits. The costs of all proceedings relative to the motion to dismiss filed by the defendant and the application for writs and the subsequent proceeding in this court are assessed against the defendant. All other costs are to await a final determination of the merits.
Reversed and remanded.
LANDRY, J., dissented for reasons assigned on original hearing.