11 SAUNDERS, Judge.
Mayor Fred Baden cast the deciding vote concerning the approval of a contract between the City of Pineville (City) and the American Federation of State, County and Municipal Employees, AFL-CIO 3352. Following the vote and the signing of the contract, Mayor Baden and three of the council members were defeated in an election. The newly elected mayor and council members rescinded the contract and filed for a declaratory judgment. The trial court rendered the contract void. We reverse.

FACTS

On June 26, 1998, the Pineville City Council held a special meeting to entertain a principal motion to adopt a contract proposed by the American Federation of State, County and Municipal Employees, Local 3352 (Defendant). The city council consisted of five members. Mayor Fred Baden was also present at the meeting.
In regards to the approval of the contract, two council members voted for, two voted against, and one abstained. Mayor Baden, complying with La.R.S. 33:405 A(l), broke the tie vote and voted in favor of approving the contract. In accordance with the vote, Mayor Baden signed the contract. Four days following the vote and the signing of the contract, Mayor Baden and three of the council members were defeated in an election. The June 26th meeting was their last official meeting in office.
On July 21, 1998, the newly elected council members and mayor rescinded the June 26th resolution and authorized a Petition for Declaratory Judgment. Defendant filed a peremptory exception of no cause of action. On August 13, 1999, the trial court granted judgment in favor of the City, thus, voiding the contract.

LAW AND ANALYSIS

Defendant asserts that the trial court erred as a matter of law in overruling its peremptory exception of no cause of action. The City asserts that there are three grounds on which to void the contract. We will address each ground separately.
First, the City argues that the contract was not approved by a majority of the *49 members present as required by La.R.S. 33:406(A)(2).
A quorum is necessary to conduct municipal business. La.R.S. 33:405(E). An affirmative vote of the majority of the members of the board present at the meeting is required to adopt a resolution, provided a quorum is present. La.R.S. 33:406(A)(2). La.R.S. 33:405(A)(2), in pertinent part, states that: “[t]he mayor shall preside at all meetings of the board of aldermen, and in case there is an equal division, he shall give the deciding vote.” (Emphasis added.) Additionally, 77 La. Att’y. Gen. Op. No. 97-249 states that: “[i]f a member abstains, and if the remaining members are equally divided, the mayor must give the deciding vote, in compliance with La.R.S. 33:405(A)(1).” (Emphasis added.)
The record shows that a quorum[1] was present at the special meeting on June 26, 1998, and thus, the requisite number was present to conduct municipal business. La.R.S. 33:405(E); See also, Hammontree v. Patterson, 356 So.2d 1077 (La.App. 2 Cir.1978). As noted, a vote of the majority of members present at the meeting is required to adopt a resolution. La.R.S. 33:406(A)(2). In the instant matter, the City argues that, in order to pass the resolution, three members of the council were required to vote in the affirmative.
La.Civ.Code art. 9 states that: “[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La.R.S. 33:405(A)(1) is clear and states that if there is an “equal division, [the mayor] shall give the deciding vote.” These are the exact facts in the instant matter, thus, La.R.S. 33:405(A)(1) is controlling, and no further interpretation is required. The City attempts to complicate this issue by noting that the abstained vote preempts a “majority vote of those present.” 77 La. Att’y. Gen. Op. No. 92-49 discusses the effect of a member abstaining and states that:
[C]ase law has set a principle that the casting of votes by a majority of members voting suffices to transact the business of the municipality. State Ex Rel. Broussard vs. Gauthe, 265 So.2d 828 (LaApp. 3rd Cir.1972); writ den.,263 La. 105, 267 So.2d 211 (La.1972), and Mix vs. City of New Orleans, 126 So.2d 1 (1961). In the case of State Ex Rel. Broussard, the court looked to Robert’s Rules of Order for parliamentary procedure on a vote of the school board when a member abstained from voting. Robert’s Rules of Order provides that when a quorum is present, a majority vote, that is a majority of the votes cast, ignoring abstentions, is sufficient for the adoption of any motion that is in order, except those requiring a two-thirds vote.
(Emphasis added.)
Considering the unambiguous law concerning this issue, we find that the resolution was properly voted on and approved. Accordingly, the contract is valid.
The City’s second argument is that the contract was not approved by an ordinance as required by La.R.S. 33:406(A)(3), which provides that “[a]ny act of the board which would provide for the appropriation of funds, the incurrence of debt, or the issuance of bonds or other evidences of indebtedness shall be by ordinance.” The City argues that the contract executed by Mayor Baden requires an appropriation of funds and, thus, it can only be executed after the passage of an ordinance. A portion of the contract states that: “[a]n employee shall be granted a minimum 3% pay increase on his/her anniversary date if and only after funds have been appropriated by the City Council sufficient to provide pay raises and said funds have been in- *50 cludéd within the budget Ordinance for that current fiscal year.” (Emphasis added.)
The appropriation of funds is discretionary. The City’s argument is premature and without merit because the contract, in its current status, does not require the appropriation of funds.
Finally, the City argues that the contract is invalid due to a fatal breach in substantive parliamentary procedure occurring during the City Council meeting. The City contends that it failed to follow its own rules of procedure. The supreme court in State v. Gray, 221 La. 868, 60 So.2d 466, 468 (1952), discussed this issue of a legislative body breaking its own rules and held that:
[I]t is well settled that an act of the Legislature will not be declared void or invalid for failure of the legislative body to observe its own rules of procedure. Such rules are usually formulated or adopted by the legislative body itself, and the observance of these rules is a matter entirely within its control and discretion and is not subject to review by the courts as long as the legislative action does not violate some constitutional provision.
Considering the very clear and concise rule set forth in State v. Gray, we find that the City’s final argument is without merit. Accordingly, we find that the contract is valid.

DECREE

We find that the resolution was properly voted on; Mayor Baden acted in accordance with La.R.S. 33:405(A)(1), and that the contract is valid.
All costs at the trial level and on appeal are assessed to the City of Pineville.
REVERSED.

. La.R.S. 33:405(E) provides that a majority of the members of the board constitutes a quorum.