REDMANN, Judge.
All seven Councilmen of the City of New Orleans were elected in 1970 for four-year terms beginning the first Monday in May 1970 and ending the first Monday in April 1974. Because the 1974 election was enjoined by United States Court decrees (based on the U.S. Attorney General’s disapproval of the Council’s ordinance of reapportionment of the City’s five councilmanic districts after the 1970 census), all councilmen have continued to serve under the holdover provision of La. Const. (1921) art. 19, § 6. The holdover councilman from District A (as constituted by reapportionment after the 1960 census) has now resigned as of August 1. The City Council (consistent with an opinion of the City Attorney’s office) proposes to fill the vacancy under the city’s Home Rule Charter, § 3-105(2) (a), which by its terms governs “[i]f the unexpired term is less than one year. . . . ”
Plaintiffs are District A (as of 1960) residents who argue that this is not a case of an unexpired term of less than a year, since the next general councilmanic election now scheduled will be in March 1978. Plaintiffs argue that the vacancy should be filled by election under Charter § 3-105(2)(b), which by its terms governs “[i]f the unexpired term is for one year or more . . . .”
Plaintiffs sought injunction against the remaining Councilmen’s filling the vacancy (and also against the Mayor’s filling it on the Council’s failure to act in 30 days) under Charter § 3-105(2) (a).
The trial court dismissed plaintiffs’ action and plaintiffs have applied for a writ of certiorari. Because of the public interest in this proceeding, we might grant cer-tiorari ; but because time would not allow further application to the Supreme Court for review, we have decided to deny certio-rari while explaining in some detail the reasoning by which we conclude that injunction was correctly refused.
Ordinarily, when a term of elective office expires the election of a successor (held prior to expiration of the term) prevents a vacancy from occurring. Thus the law first provides for election as the means of filling the “vacancy” which would otherwise result from expiration of term. (In our case, La.Const. art. 8, § 10 and Charter § 3-105(1) so provide.) But, because of the federal court injunctions, the election could not be held. Therefore no successor was elected, and therefore the expiration of the term might have caused a vacancy unfilled by election. See State v. Young, 1915, 137 La. 102, 68 So. 241.
But the law, as a second measure, prevents such a “vacancy” from occurring by the holdover provision of La.Const. art. 19, §6: all officers, unless impeached or suspended, “shall continue to discharge the duties of their offices until their successors shall have been inducted into office.”
Thus, after the election provision failed to produce successors, each councilman continued in office, as art. 19, § 6 provides, after the expiration of his term on the first Monday in April of 1974.
There is some logic to plaintiffs’ view that the present unexpired term of office as provided by law (from April 1974 to April 1978) has more than a year left before it expires. If a councilman had just been elected and then resigned, his unexpired term would have almost four years to *819 run. But there is also some logic to the defendants’ view that there is no time— and therefore less than a year — left in the incumbents’ term of office (from May 1970 to April 1974). And there is a third possibility, our case may be one of an expired term, in which the holdover councilman’s tenure of office has no remainder, rather than a remainder of more or less than a year. In our case, all seven councilmen have remained in office not because they have terms as yet unexpired, but because their successors have not been elected and inducted into office. The only urgent vacancy that has occurred is that caused by the resignation of one of the councilmen.
La.Const. (1921) art. 7, § 69, subd. A(3) provides that (subject to the provisions of § 69 subd. C) “[ujnless otherwise provided by a local charter adopted in conformity with this Constitution . . . vacancies in elective municipal offices shall be filled by the governing authority of the municipality.” (Under § 69, subd. B, governing authority means the legislative body: for our purposes, the City Council.)
The New Orleans Charter was adopted in compliance with Const, art. 14, § 22. Charter § 3-105(2) does contain a provision for filling of a vacancy in the office of any councilman, but only for “the unexpired term.” The charter never foresaw our unusual situation of a resigning councilman whose term had already expired. We find it unnecessary to decide, but we will assume for discussion’s sake, that the New Orleans Home Rule Charter may not be applicable to the filling of vacancies under our circumstances. We therefore assume that Const, art. 7, § 69 might govern.
Art. 7, § 69, subd. C (like the New Orleans Charter) also envisions an “unexpired portion of a term”, but § 69, subd. A (though “[sjubject to the provisions of Paragraph C”) does not in words restrict itself to cases of unexpired terms. We interpret § 69, subd. A to apply to all vacancies, even those also governed by § 69, subd. C (where the unexpired term is over a year).[1]
We conclude that the vacancy created by a holdover officer’s resignation is either a vacancy in an expired term (with holdover) or a vacancy in a term whose unexpired portion has less than a year remainder because no part of the incumbent’s term remains. If the former, Const, art. 7 § 69, subd. A provides for appointment by the Council, with the Mayor under § 69, subd. B breaking any tie vote. If the latter, Charter § 3-105(2) (a) provides for appointment by the Council, with the Mayor appointing if the Council does not act within 30 days of the vacancy. The only difference between the two provisions is chat under the Constitutional provision the Mayor’s function is limited to breaking a tie and in that sense to appointing only a person for whom the Council’s vote is tied, while under the Charter provision the Mayor could appoint any qualified person after 30 days.
Because plaintiffs sought only to enjoin the Council and the Mayor from appointing, the trial judge was correct in refusing the injunction. If Charter § 3-105(2) (a) does not authorize their filling the vacancy, Const, art. 7, § 69, subds. A and B do enable them to fill the vacancy. Plaintiffs’ ultimate goal was an election, and under either provision appointment by the Council is proper. The question of whether the Mayor is to act (if the Council does not) as a mere tie-breaker or as an independent appointing authority does not require resolution under present circumstances. The Council may appoint by majority vote, giving the Mayor no appointive function; or if the Council vote is tied, the Mayor’s choice may be a person whom the Council did seek to appoint by tie vote, in which *820 case it would be immaterial whether the Mayor acts under the Charter or the Constitution.
The application for writs is therefore denied.

. Even if applicable § 69, subd. C, would allow appointment under § 69, subd. A until the next election scheduled more than six months after the vacancy.