HALL, Judge.
The issue to be decided in this case is whether the mayor of a Lawrason Act village, after recall by election of all the aider-men of the village, has the power and authority to make appointments to fill the vacancies, or whether the governor of the state is the proper authority to make such appointments.
The three members of the Board of Aldermen of the Village of South Mansfield were recalled by election, pursuant to which the three offices were declared vacant by the Governor. LSA-R.S. 42:342, et seq. The mayor, Dessie Lee Patterson, appointed Minerva Wright to one of the vacancies. Together the Mayor and Wright appointed Arlmon Vanzant, Jr. to another vacancy and then the three joined to appoint Dorothy Dupuy to the remaining vacancy.
Plaintiffs, who are residents, taxpayers and electors of the Village, filed suit seeking an injunction and a writ of quo warran-to, challenging the authority of the Mayor, alone or in concert with the others, to make such appointments, and contending the vacancies should be filled by appointment by the Governor or by election. After trial, the district court ordered the writ made absolute, declared the appointments void, and issued an injunction against the Mayor and her appointees. All defendants appealed.
Defendants-appellants contend that in the absence of a board of aldermen, the mayor is the governing authority of the municipality and has the authority to make appointments to fill vacancies in the elected offices of the municipality under Art. 6, § 13 of the Louisiana Constitution of 1974, LSA-R.S. 33:1887, and other pertinent provisions of the Lawrason Act (LSA-R.S. 33:321, et seq.)[1]
Plaintiffs-appellees contend that in the absence of a board of aldermen there is no governing authority of the municipality as contemplated by the provisions of the Con *1079 stitution and statute relied on by defendants; hence, any appointments to fill the vacancies must be made by the governor in accordance with Art. 10, § 27 of the Louisiana Constitution of 1974.[2]
The “governing authority” of a Lawrason Act municipality is the mayor and board of aldermen. LSA-R.S. 33:362 provides that the powers of the municipality “shall be exercised by the mayor and board of aider-men of the municipality.” Section 401 provides that the “mayor and board of aider-men of every municipality shall have the care, management, and control of the municipality and its property and finances.” Section 404 prescribes the duties of the mayor, who “shall have the superintending control of all offices and affairs of the municipality . . . ” The mayor shall preside at all meetings of the board of aldermen and has no vote except that when there is an equal division the mayor casts the deciding vote. Bierhorst v. Prieto, 131 So.2d 308 (La.App. 1st Cir. 1961); Bourgeois v. Moreau, 303 So.2d 817 (La.App. 4th Cir. 1974).
The mayor may exercise only that authority granted to him by the Legislature or incidental to or contingent upon some authorized undertaking. Chandler & Chandler v. City of Shreveport, 162 So. 437 (La. App. 2d Cir. 1935). Nowhere is the mayor empowered to act in place of the aldermen. United States Rubber Co. v. Town of Breaux Bridge, 165 So. 721 (La.App. 1st Cir. 1936).
There is no provision for carrying out the functions of the mayor and board of aider-men in any manner other than through the procedure of regular or special meetings as outlined in LSA-R.S. 33:405. Johnson v. Mayor and City Commission of City of Natchitoches, 129 So. 433 (La.App. 2d Cir. 1930). The provisions regulating special meetings provide for notice to the mayor and aldermen specifying in detail the objects and purposes of the meeting and further provide that a majority of the aider-men elected is required to constitute a quorum.
Defendants assert that since there were no elected aldermen the mayor alone could constitute the quorum. This argument must fall since there is no provision for the mayor to act alone at a “meeting”. A meeting requires the presence of aldermen and no business may be validly conducted without a majority of the aldermen being present. The governing authority contemplated by Art. 6, § 13 and LSA-R.S. 33:1887 A is one with authority to act. Less than a quorum of the aldermen or the mayor alone may not exercise powers vested in the governing authority under the explicit terms of LSA-R.S. 33:405. Where there are no aldermen, there is no legally constituted governing authority of a municipality. Any appointment made by the mayor alone is without authority and is without effect.
Art. 6, § 13 of the 1974 Constitution and LSA-R.S. 33:1887 A cannot be applied in this case because there is no legally constituted municipal governing authority to make the appointment. Art. 10, § 27 of the 1974 Constitution gives the governor authority to fill a vacancy in any elective office if “no other provision therefor is made by this constitution, by statute, by local government charter, by home rule charter or plan of government, or by ordinance.” There being no other provisions for filling vacancies in the office of aider-man where there are no aldermen holding office in a municipality and, therefore, no legally constituted municipal governing authority, the governor is the proper authority to make appointments to fill the vacancies.
*1080 The judgment of the district court is affirmed at appellants’ costs.
Affirmed.

. Art. 6, § 13. Vacancies
“Section 13. (A) Vacancy; Appointment. Except as otherwise provided by this constitution, a vacancy in any local office filled by election wholly within the boundaries of a local governmental subdivision or a school district shall be filled by appointment by the particular governing authority of the local governmental subdivision or school district in which the vacancy occurs, until it is filled by election as provided by law.
“(B) Exception. This Section shall apply to each local governmental subdivision unless otherwise provided by its home rule charter or plan of government.”
LSA-R.S. 33:1887. Vacancies in certain local and municipal offices; exceptions
“A. When a vacancy occurs in the office of a member of a parish or municipal governing authority or a combination thereof, or in the office of mayor, or in any other local or municipal office, except an office covered by Subsections B and C hereof and except the office of judge or state legislator, and the office is filled by election wholly within the boundaries of a local governmental subdivision, the governing authority of the local governmental subdivision where the vacancy occurs shall appoint a person to fill the vacancy who meets the qualifications of the office. The presiding officer of the governing authority shall not be required to vote on such appointment to be made by the governing authority of a local governmental subdivision unless a tie vote occurs thereon, in which case he shall vote to break the tie; however, in no case shall the presiding officer vote more than once on the appointment.” LSA-R.S. 33:383. Municipal elections; term of office; filling vacancies; officers holding over under new form of government
“A. Municipal elections shall be held every four years on the Tuesday next following the second Monday of June. The officers elected shall qualify and enter upon the discharge of their duties on the first day of July, after their election, and shall hold their office for four years.
“B. If no election is held on the day herein prescribed, or if a vacancy in any municipal office, elective by the people, occurs, or if an officer elected fails to qualify, such vacancy shall be filled in accordance with the provisions of Section 69 of Article 7 of the Louisiana Constitution or as otherwise provided by law.
“C. Any vacancy in a municipal office to which the officer is elected or appointed by the mayor and board of aldermen may be filled for the term by the mayor and board of aldermen at any regular or special meeting.
“D. Officers of a municipality who are in office when the municipality elects to come under the provisions of this Part under R.S. 33:322, shall retain their offices until the first election under this section, with the powers of like offices under this Part.”

. Art. 10, § 27. Filling of Vacancies
“Section 27. (A) Gubernatorial Appointment; Election. If no other provision therefor is made by this constitution, by statute, by local government charter, by home rule charter or plan of government, or by ordinance, the governor may fill a vacancy occurring in any elective office. When a vacancy occurs in the office and the unexpired portion of the term exceeds one year, the vacancy shall be filled at an election, as provided by law, and the appointment shall be effective only until a successor takes office.
“(B) Qualifications. Nothing in this Section shall change the qualifications for any office, and every appointee must be otherwise eligible to hold the office to which appointed.”