Dear Ms. Jackson:
You have requested an Attorney General's opinion regarding certain procedures for the meetings of the Board of Aldermen for the City of Harahan. Specifically you have asked:
1. Is a quorum necessary to conduct business?
2. What vote is required by the board to pass an ordinance and a referendum?
3. Is the mayor allowed to vote at any time on the business of the board of aldermen?
4. If an alderman abstains from voting, what is the effect on the transaction of business by the board?
5. Can an alderman be compelled by law to attend a meeting of the board for the purpose of filling a vacancy?
In response to your first question, the Attorney General has always and continues to opine that a quorum of the board of aldermen is necessary to transact business. (Opinion Numbers 75-595 and 90-149). LSA-R.S 33:405(E) provides that a majority of the members of the board of aldermen constitutes a quorum. Less than a quorum of the aldermen or the mayor alone may not exercise powers vested in the governing authority under the explicit terms of LSA-R.S. 33:405. (Hammontree vs. Patterson, 356 So.2d 1077,1079; (La.App. 2nd Cir. 1978).
In response to your second question, an affirmative vote of the majority of the members of the board is required to adopt an ordinance and an affirmative vote of the majority of the members of the board present at the meeting is required to adopt a referendum, provided a quorum is present to conduct business. (R.S. 33:406(A)(1) and (2)). Therefore, where there is a five-member board of aldermen in the City of Harahan, three members constitute a quorum. If three members are present at the meeting, it would take the affirmative vote of all three members to pass an ordinance, but only take the affirmative vote of two members to pass a resolution. The Louisiana Supreme Court pointed out the differences between a resolution and an ordinance in James vs. Rapides Parish Police Jury, 108 So.2d 100 (La. 1959). The court stated at page 102:
In a broad sense, an ordinance is a local law or rule prescribed by a public subdivision or a municipality which emanates from its legislative authority as distinguished from administrative action; it is a permanent rule, a law or statute . . . A resolution, on the other hand, has been defined to be a formal expression of the opinion or will of an official body, adopted by vote; the adoption of a motion, the subject matter of which would not properly constitute a statute.
In response to your third question, the Attorney General has previously stated in Opinion Number 90-149 that the mayor merely presides over council meetings and has no vote unless there is a tie vote among the aldermen themselves. We reaffirm this opinion. LSA-R.S. 33:405(A)(1) states, "The mayor shall preside at all meetings of the board of aldermen, and in case there is an equal division, he shall give the deciding vote." Furthermore, case law also states that the mayor shall preside at all meetings of the board and has no vote except that when there is an equal division the mayor casts the deciding vote. Bierhorst vs. Prieto, 131 So.2d 308 (La.App. 1st Cir. 1961); Bourgeois vs. Moreau, 303 So.2d 817 (La.App 4th Cir. 1974).
In response to your fourth question, the Lawrason Act is silent on the effect of abstentions from voting in the proceedings of a municipal governing authority. However, case law has set a principle that the casting of votes by a majority of members voting suffices to transact the business of the municipality. State Ex Rel. Broussard vs. Gauthe, 265 So.2d 828
(La.App. 3rd Cir. 1972); writ den., 267 So.2d 211 (La. 1972), and Mix vs. City of New Orleans, 126 So.2d 1 (1961). In the case of State Ex Rel. Broussard, the court looked to Robert's Rules of Order for parliamentary procedure on a vote of the school board when a member abstained from voting. Robert's Rules of Order provides that when a quorum is present, a majority vote, that is a majority of the votes cast, ignoring abstentions, is sufficient for the adoption of any motion that is in order, except those requiring a two-thirds vote.
With regard to votes required for legal actions, Sturgis Standard Code of Parliamentary Procedure (1950, p. 51) states:
The most fundamental rule governing voting is that at least a majority vote is required to take action . . . It is obvious that to permit less than a majority to decide for any group would subject the many to the rule of the few and would be repugnant to the most basic democratic principle. That the majority must rule is universally accepted among democratic people. (Emphasis Added.)
Sturgis also recognized that a single affirmative vote, when there are no other votes cast, has been held by the courts to carry a question on the principle that it is a majority of the votes cast. It is important that every organization state in its bylaws the number of votes required on important decisions. Therefore, in answer to your fourth question, if an alderman abstains from voting, his abstention naturally cannot be counted either for or against a question or a candidate. An abstention is not to be regarded as a vote on any question and may be counted only to determine the presence of a quorum. Furthermore, it is our opinion that a majority of the quorum or a majority of the number who are authorized to do business for the organization is logically the minimum number which should be permitted to make decisions for all the members in most business organizations. However, it is each organizations responsibility to determine in its bylaws the number of votes required on important decisions, and the word majority may mean anything from one vote to the majority of the total membership.
In regard to the vote required to pass an ordinance and/or a referendum, this opinion stated earlier that an affirmative vote of the majority of the members of the board is required to adopt an ordinance and an affirmative vote of the majority of the members present at the meeting is required to adopt a referendum. This voting requirement is provided for in Louisiana Law, R.S.33:406. With respect to abstentions from voting, it is our opinion that any vote requirement provided for by statutory law or the organizations bylaws cannot be ignored when a member abstains from voting. In other words, statutory law requires an affirmative vote of the majority of the members of the board to pass an ordinance. Therefore, if the board is composed of ten members, a majority is six, and it would take an affirmative vote of at least six members to pass an ordinance, whether or not a member abstained from voting. If only five members voted affirmatively for the ordinance and the remaining five members abstained from voting, the ordinance would fail for lack of a majority vote.
In response to your fifth question, the Code of Civil Procedure provides for a writ of mandamus to direct a public officer to perform any of the duties set forth in Article 3863. (C.C.P. Art. 3861). Article 3863 states, "A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, . . ." (Emphasis Added).
You question whether an alderman may be compelled by law to attend a meeting of the board for the purpose of filling a vacancy. There is no law which requires an alderman to attend a meeting of the board, and therefore, it is our opinion that a mandamus proceeding is not proper in this matter.
With regard to a meeting of the board for the purpose of filling a vacancy, it is also our opinion that a mandamus proceeding is not proper in this instance because the filling of a vacancy is a discretionary duty. LSA-R.S. 33:385 provides for a vacancy in the office of alderman to be filled pursuant to R.S.18:602. LSA-R.S. 18:602 provides for the governing authority of the local governmental subdivision to appoint a qualified person to fill the vacancy in the office of a member of the governing authority, within ten days of the vacancy. The Code further provides for the governor to fill the vacancy if the governing authority fails to make the appointment within ten days of the vacancy. Because the governor is allowed to fill the vacancy absent the governing authority's appointment, it is our opinion that the filling of a vacancy by the local governing authority is a discretionary duty and therefore, not the proper subject of a mandamus proceeding.
We hope that his opinion sufficiently answers your questions. If we can be of further assistance, please advise.
Sincerely,
Richard P. Ieyoub Attorney General
By: Angie Rogers LaPlace Assistant Attorney General